# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRENT A. SNELL, )
 )
        Petitioner, )
 )    CIVIL ACTION
v. )
 )    No. 14-3117-KHV
COMMANDANT, United States )
Disciplinary Barracks, )
 )
        Respondent. )
 )

## MEMORANDUM AND ORDER

Petitioner, a prisoner in custody at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, seeks relief under 28 U.S.C. § 2241.

### Background

From May 24 through 28, 2010, a panel of officer and enlisted members sitting as a general court martial at Hill Air Force Base, Utah, tried petitioner and found him guilty of sexual assault in violation of Article 120, Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 920. United States v. Snell, 2013 WL 2443083 (A.F. Ct. Crim.App. May 7, 2013). The members sentenced petitioner to a dishonorable discharge, 15 years in confinement, and reduction to grade E-1. The convening authority approved the sentence.

Petitioner appealed to the Air Force Court of Criminal Appeals ("AFCCA"), which denied relief, and he sought review in the Court of Appeals for the Armed Forces ("CAAF"). The CAAF denied the request for review.

On July 3, 2014, petitioner commenced this habeas corpus action. He claims that (1) his conviction was factually insufficient; (2) the Military Judge erred in allowing petitioner's ex-wife to testify on three incidents of uncharged misconduct; (3) the Military Judge failed to

properly instruct the panel on an affirmative defense as to consent; and (4) the Military Judge failed to instruct the members of the court martial on the statutory scheme of Article 120.

Standard Of Review

Under 28 U.S.C. § 2241, a federal court may grant habeas corpus relief where a prisoner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The federal courts have limited authority, however, to review court martial proceedings. Burns v. Wilson, 346 U.S. 137, 139-42 (1952).

Initially, review of a military prisoner's application for habeas corpus relief is limited to whether the military courts gave full and fair consideration to petitioner's claims. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993). If so, the federal court will not address the merits and should deny the petition. See Roberts v. Callahan, 321 F.3d 994, 995-96 (10th Cir. 2003) (citing Lips, 997 F.2d at 811).

In this context, "full and fair" consideration occurs when the parties brief and argue the issue, even if the military court summarily resolves it. Id. at 997; Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986). A military court's failure to specifically address a claim does not establish lack of full and fair consideration. Lips, 997 F.2d at 812 n.2. The military tribunal has given the claim fair consideration, even though its opinion summarily disposes of the issue with the mere statement that it does not find the issue meritorious or requiring discussion. Id. (citing Watson, 782 F.2d at 145).

Where petitioner failed to present a claim to the military courts, the federal habeas court will consider the claim waived. Watson, 782 F.2d at 145 (refusing to consider claims not presented to military courts).

If petitioner waives a claim, a federal habeas court may review it only if petitioner shows

"both cause excusing the procedural default and actual prejudice resulting from the error." Lips, 997 F.2d at 812 (citations omitted). To establish cause for procedural default, petitioner must show that some objective factor external to the defense and not attributable to petitioner impeded his ability to comply with the relevant procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986); U.S. v. Salazar, 323 F.3d 852, 855 (10th Cir. 2003). If petitioner establishes cause, he then must show "actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In the alternative, petitioner may excuse his procedural default by establishing a fundamental miscarriage of justice, which exists where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

## Analysis

### Claim Of Factual Insufficiency

Petitioner claims the trial testimony did not establish that a sexual assault occurred and that the testimony of the complaining witness was unconvincing.

Petitioner did not raise this issue in the military courts and therefore waived this claim. Watson, 782 F.2d at 145. Under Article 59(a) of the UCMJ, however, the AFCCA must examine the sufficiency of the evidence. The AFCCA described the government's case against petitioner as "strong" and it discussed the evidence in detail. (Doc. #6, Attach. 3, p. 9.). The Court finds that this issue received full and fair consideration.

### Improper Admission Of Testimony By Petitioner's Former Spouse

Petitioner claims that the Military Judge erred in allowing his ex-wife to testify concerning three incidents of uncharged misconduct. Government counsel introduced testimony by petitioner's former spouse concerning incidents in which (1) petitioner, angry after her refusal

3

to participate in particular sexual activity, held her against the wall with hands around her throat; (2) had intercourse with her in a position which he knew caused her pain; and (3) after an argument, cut clothing from her body while she slept and penetrated her, refusing her subsequent demand that he stop. The AFCCA addressed this claim in detail and determined that the Military Judge erred in admitting testimony of the first and second incidents. It rejected evidence of the first incident because it involved a battery, and not a sexual assault, as required by Rule 413(a) of the Military Rules of Evidence. It rejected evidence of the second incident because the record lacked any suggestion that petitioner used force or that the witness asked him to stop. The AFCCA determined, however, that admission of these incidents was harmless error which did not materially prejudice petitioner. In so holding, it relied on the strength of the government's case, petitioner's demeanor when testifying, his "implausible version of events," testimony of the complaining witness, and the corroborating testimony of another person at the gathering where the assault occurred. The AFCCA found that testimony concerning the third incident was admissible under Rule 413. (Doc. #6, Attach. 3, pp. 5-11.) The Court finds that the AFCCA gave full and fair consideration to this issue.

Instruction On Affirmative Defense

Petitioner alleges that the Military Judge erred in instructing the panel on the affirmative defense of mistake of fact as to consent. The judge's instruction added a sentence to the Military Benchbook standard by stating as follows: "[T]he ignorance or mistake of fact cannot be based on the negligent failure to discover the true facts. Therefore, if a reasonable person would have taken further measures to ascertain the true facts that accused's mistake would be unreasonable, then the defense does not exist."

Petitioner presented this claim to the military appellate courts. The AFCCA found no

error, noting the statement which the Military Judge added was a correct statement of military case law precedent. (Doc. #6, Attach. 3, p. 5.)

The parties briefed and argued this claim, and the military courts reviewed it. This constitutes full and fair consideration. Watson, 782 F.2d at 145.

Instruction On Article 120

Finally, petitioner claims that the Military Judge failed to instruct the jury in accordance with Article 120 of the UCMJ.

At the time of the incident, Article 120(r), 10 U.S.C. § 920(r), provided that "[c]onsent and mistake of fact as to consent . . . are an affirmative defense for the sexual conduct in issue in a prosecution [for rape]." The statute required the accused to prove the affirmative defense by a preponderance of the evidence, and the government then had the burden of proving beyond a reasonable doubt that the defense was not available. Article 120(t)(16), UCMJ. (Doc. #6, Attach. 3, p. 4, n.3.)

During the court martial proceedings, the Military Judge denied petitioner's motion to dismiss based on an unconstitutional burden shift in that instruction and stated that he would "give the standard Army Benchbook instruction on Article 120, which does not contain the burden shift as asserted by counsel in the brief." (Doc. #6, Attach. 1, p. 13.)

On appeal, petitioner argued that the Military Judge erred in failing to find the burden shift unconstitutional and in instructing the panel in a manner inconsistent with Article 120, UCMJ. The AFCCA rejected this claim, stating as follows:

> In Medina,[1] our superior court ruled contrary to the appellant's position. The Court approved a burden scheme that was consistent with the instructions given by the military judge in this case. The Court found the military judge's

---
[1] United States v. Medina, 69 M.J. 462 (C.A.A.F. 2011).

5

failure to instruct in accordance with the existing statutory scheme of Article 120(t)(16), UCMJ, was error in the absence of a legally sufficient explanation, but the error was harmless beyond a reasonable doubt because the military judge instructed the members that the Government had the burden of disproving the defense beyond a reasonable doubt. Medina, 69 M.J. at 465-66. As in Medina, the military judge here properly instructed the members as to the Government's burden to prove the offense beyond a reasonable doubt and to disprove the affirmative defense of consent by the same standard. While the military judge did not provide a specific justification on the record as to why he deviated from the statutory scheme outlined in Article 120, UCMJ, we find the error harmless beyond a reasonable doubt.

(Doc. #6, Attach. 3, p. 5.)

The military courts gave this issue full and fair consideration.

## Conclusion

The military courts gave full and fair consideration to petitioner's claims challenging the admission of statements by his former spouse and instructions to the panel on the affirmative defenses of consent and mistake of fact. Although petitioner waived the remaining claim, which alleged insufficiency of the evidence, the military courts conducted an independent review of the record and found that the record contained adequate evidence to support petitioner's conviction. As a result, the Court must deny habeas corpus relief.

**IT IS THEREFORE ORDERED** that the Petition For Writ Of Habeas Corpus (Doc. #1) filed July 3, 2014 be and hereby is **OVERRULED**.

Dated this 8th day of February, 2016 at Kansas City, Kansas.

S/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge